IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BOATRIGHT, ZACH POINDEXTER, and others similarly situated<br>　　*Plaintiffs*<br><br>v.<br><br>GILLEY GREY, and GEMS911, INC.,<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>3:21-cv-00835-N |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS**

Pursuant to Fed. R. Civ. P. 55, Plaintiffs Mark Boatright, Zach Poindexter, John Roper, and Amber Estell move for default judgment against Defendants Gilley Grey and Defendant GEMS911, Inc.  In support, Plaintiffs show as follows:[1]

1.　　This is an overtime pay action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover back wages, liquidated/double damages, attorney fees, costs, and interest.

2.　　Plaintiffs Boatright and Poindexter filed this action on April 12, 2021. (Dkt. 1).  Plaintiffs Roper and Estell joined the action by filing signed consent forms shortly thereafter (Dkt. Nos. 8, 10)

3.　　Plaintiffs properly served process on the State of Texas Secretary of State as Defendants' agent under the Texas Long-Arm Statute (Dkt. Nos. 9, 11, 12).

---

[1] Plaintiffs are filing an appendix in support of this default judgment motion. The appendix is incorporated herein and contains Exhibits 1-5, which are the declarations of the four Plaintiffs and Plaintiffs' counsel.

4. Defendants did not file an answer or otherwise make a general appearance.

5. Pursuant to the Court's Local Rules, prior to the filing of this motion, Plaintiffs filed a motion requesting the Clerk to issue an entry of default against Defendants (Dkt. 14), which is incorporated herein.

6. On August 17, 2021, the Clerk issued its Entry of Default against Defendants (Dkt. 15).

7. Defendant Grey is not an infant, an incompetent person, or in military service. *See* 50 U.S.C. §521(b)(1); Fed. R. Civ. P. 55(b)(1), (e); *see also* Dkt. 14-2.

8. Defendant GEMS911, Inc. is a corporation and, therefore, is not an infant, an incompetent person, or in military service.

9. In support of Plaintiffs' motion for default judgment, attached hereto as **Exhibits 1** - **4** are the declarations of Plaintiffs, which show that:

- Plaintiffs were employed by Defendants;
- During their employment with Defendants, Defendants paid them by the hour (except for Plaintiff Estell, who was paid a salary); and
- Plaintiffs regularly worked over 40 hours in a workweek for Defendants without being paid an overtime premium of at least one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

10. Because Defendants paid Plaintiffs Boatright, Poindexter, and Roper a straight hourly rate for hours worked but no overtime premium, the back wages owed to Plaintiffs may be calculated by multiplying the hours worked over 40 in a workweek by one-half of Plaintiffs' respective regular rates. *See* 29 C.F.R. § 778.110 (calculating overtime for hourly rate employees)

11.     For Plaintiff Estell, who was paid a salary, the overtime wages owed to her are calculated by applying 29 C.F.R. § 778.113:

> the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350 divided by 35 hours, or $10 an hour, and when the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and one-half times $10) for each hour thereafter. If an employee is hired at a salary of $375 for a 40-hour week the regular rate is $9.38 an hour.

12.     Plaintiffs applied 29 C.F.R. § 778.110 and 29 C.F.R. § 778.113 to calculate their respective back wages for overtime pay as their declarations illustrate.

13.     Defendants either did not maintain accurate records of Plaintiffs' weekly hours worked or communicate to Plaintiffs their weekly hours worked.  This is because Defendants failed or refused to furnish Plaintiffs with a traditional pay stub or other employer statement reflecting their weekly hourly worked and pay.  *See* Ex. 2 at ¶ 10, Poindexter Decl.

14.     When a defendant fails or refuses to maintain accurate or complete records as is the case here, an employee need only "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  An employee is required to provide only a reasonable approximation of the number of hours worked for which compensation is owed.  *Id*.  The court may then award damages to the employee, even though the result be only approximate." *Id*. at 688.

15.     Plaintiffs Boatright, Poindexter and Roper (who Defendants paid on an hourly basis) used bank records reflecting their gross wages divided by their hourly rates

to arrive at the number of overtime hours worked. *See* Ex. 1-3.  Plaintiff Estell (who Defendants paid on salary intended to cover 40 hours per week), used her customary work schedule of 12 hours per day / six days per week and duration of employment to arrive at her number of overtime hours worked. *See* Ex. 4 at ¶ 5, Estell Decl.

16. An employee who demonstrates an FLSA violation is entitled to recover an equal amount of liquidated damages in addition to his/her back wages. *See* 29 U.S.C. § 216(b). "Double damages are the norm." *Carmack v. Park Cities Healthcare, LLC*, 321 F. Supp. 3d 689, 707 (N.D. Tex. 2018).  This is because the FLSA's liquidated damages provision provides compensation for an employer's failure to timely pay workers. *See* 29 C.F.R. § 790.22(a) n.137 (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942)).  These damages are not punitive, but rather compensatory in nature. *See Brooklyn Savs. Bank*, 324 U.S. at 707. An award of liquidated damages is mandatory when a defendant fails to plead and prove good faith. *Montes v. Metro Materials & Mach.*, LLC, No. 6:18-CV-00367-RWS, 2018 WL 6737416, at *3 (E.D. Tex. Oct. 12, 2018) (citing 29 U.S.C. § 216(b)) (citing cases).

17. In addition, as set forth in Plaintiffs' Complaint, Defendants' FLSA violations were made knowingly and willfully.  When an employer commits a willful FLSA violation, liquidated damages are mandatory. *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 401 (5th Cir. 2002) ("We hold that the plain language of the [the FLSA and ADEA] requires the interpretation that liquidated damages in an amount equal to the backpay award are mandatory upon a finding of willfulness.").

18. As just one illustration of the willful and knowing nature of Defendants' FLSA violations, Defendants refused to issue Plaintiffs a weekly pay stub or other similar

statement reflecting their weekly hourly worked and paid. The only statements that Plaintiffs received was from their banks, recognizing the amount paid.[2] Defendants refused to provide one or more of the Plaintiffs with an IRS Form W-2 or IRS Form 1099 in an effort to hide Defendants' corporate name, and federal taxpayer identification number. *See* Ex. 2 at ¶ 10, Poindexter Decl.

19. In this action, as a result of Defendants' FLSA violations, the damages of the Plaintiffs for unpaid overtime wages and liquidated damages, as supported by Exhibits 1 – 4 is as follows:

| Ex. | First Name | Last Name | Unpaid Overtime Hours | Back Wages | Back Wages + Liquidated Damages |
|---|---|---|---|---|---|
| 1 | Mark | Boatright | 397.25 | $4,965.63 | $9,931.25 |
| 2 | Zach | Poindexter | 532.00 | $5,985.00 | $11,970.00 |
| 3 | John | Roper | 1132.14 | $12,736.54 | $25,473.07 |
| 4 | Amber | Estell | 845.50 | $37,752.00 | $75,504.00 |
|  |  |  |  |  |  |
|  | Sub total |  |  | $61,439.17 | $122,878.33 |

20. Plaintiffs also have pleaded for an award of attorneys' fees and costs and is entitled to a mandatory award of attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), in the amount of $23,987.50 in fees and $910.10 in costs and expenses, and conditional fees in the amount of $11,900.00 if Defendants move to set aside default or take equivalent measures, $17,850.00 if Defendants appeal the judgment to the Fifth Circuit, and $23,800 if Defendants appeal to the Supreme Court. Attached hereto as **Exhibit 5** is the declaration of Barry S. Hersh in support of attorney's fees and costs in this matter. Plaintiffs do not seek a lodestar increase or decrease.

---

[2] During their employment, Plaintiffs had access to a timekeeping app called ClockShark used by Defendants but access ended when their employments ended.

21. Finally, Plaintiffs have pleaded for an award of post-judgment interest and an award of post-judgment interest is mandatory under 28 U.S.C. § 1961. *See Meaux Surface Protection, Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). This interest is calculated from the date of the entry of judgment at a rate published by the Board of Governors of the Federal Reserve System. *Id*. at § 1961(a). For the week ending August 6, 2021, the interest rate is 0.08%. See http://www.txnd.uscourts.gov/post-judgment-rates

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter default judgment against Defendants on the causes of action pleaded in Plaintiffs' Original Complaint for $122,878.33 in actual and liquidated damages, $23,987.50 in attorney's fees (and $53,550 in conditional fees), $910.10 in costs of court and expenses, plus post-judgment interest, and for all such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

/s/ Barry S. Hersh

_____
Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax  (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing is being served on all opposing parties by and through their registered agents, on this 19th day of August, 2021.

/s/ Barry S. Hersh
_____