IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BOATRIGHT, ZACH POINDEXTER, and others similarly situated<br>*Plaintiffs*<br><br>v.<br><br>GILLEY GREY, and GEMS911, INC.,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>3:21-cv-00835-N |

# FINAL DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Default Judgment against Defendants Gilley Grey and GEMS911, Inc., Dkt. 16-17.

On April 12, 2021, Plaintiff Mark Boatright and Zach Poindexter filed this action against Defendants Gilley Grey, GEMS911, Inc., and Chuck Peoples, Dkt. 1, to recover unpaid overtime wages, liquidated damages, attorney fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiffs John Roper and Amber Estell later joined the action by filing written consent forms. Dkt. 8 and 10.

Defendants Grey and GEMS911, Inc. were served with the Original Complaint and Summons on April 21, 2021, through the State of Texas Secretary of State. Dkt. 9, 11 and 12. Defendants Grey and GEMS911, Inc. never filed an answer or other responsive pleading in this matter. Plaintiffs voluntarily dismissed Defendant Peoples, without prejudice, on August, 17, 2021. Dkt. 13.

Later, on August 17, 2021, the Clerk of the Court entered default against Defendants Grey and GEMS911, Inc. Dkt. 15.

Where, as here, a default occurs, pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true. 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998 and Supp.2013).

According to the Complaint, Defendant Grey is a nonresident engaged in business in the State of Texas. Dkt. 1, ¶ 8. Defendant Grey does not maintain a regular place of business in this state or a designated agent for service of process. *Id*. This action and its proceedings arise out of the business he does and has done in this state. *Id*.

Defendant GEMS911, Inc. is a foreign for-profit corporation registered in the state of Montana. Dkt. 1, ¶ 9. Defendant GEMS911, Inc. transacts business in the State of Texas without being registered as required by Chapter 9 of the Texas Business Organizations Code. Defendant GEMS911, Inc. does not maintain a registered agent in the State of Texas. *Id*. This action and its proceedings arise out of the business GEMS911, Inc. conducts in Texas.

Plaintiffs were all employed by Defendants as employees. Dkt. 1, ¶ 51. Defendants had the authority to hire/fire, adjust pay rates, discipline, schedule, and perform all other roles generally associated with that of an employer with regard to Plaintiffs. *Id*. Defendants assigned Plaintiffs where to perform their work. *Id*. Defendants required Plaintiffs to report to an assigned job site at a set time. *Id*. Defendants incurred the expense for Plaintiffs for use of GEMS uniforms, the cost of badging and background checks, use of vehicles, and other expenses incurred in connection with the job. *Id*. Plaintiffs were an integral part of Defendants' operation in Midlothian, TX. *Id*. Defendants had the power to terminate Plaintiffs at any time, for any or no reason, and without notice. *Id*. Defendants prohibited Plaintiffs, directly or indirectly, from hiring their own helpers for use at the worksite of GEMS's customer, Google, in Midlothian, TX. *Id*. Plaintiffs dedicated their full-time efforts to Defendants. *Id*. Defendants' investment in the equipment, infrastructure,

supplies, materials, vehicles, taxes, licenses, insurance and other overhead and capital expenditures was immense relative to the individual investment of each Plaintiff, which was largely limited to his/her labor. *Id*. There was no opportunity for Plaintiffs to profit from increased efficiencies or initiative as they are EMT/paramedics paid by the hour or a salary and prohibited from hiring helpers. *Id*.

Defendants were a covered entity under the FLSA. Defendants acted in the interest of an employer with respect to Plaintiffs. *See* Dkt. 1, ¶¶ 13-16. Defendants further constituted an enterprise within the meaning of the FLSA. Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). *Id*. Within the three-year period preceding this action, Defendants annual gross revenues have exceeded $500,000 per year. During the same period, Defendants employed Plaintiffs as employees and other employees engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. *Id*. The goods handled by Plaintiffs and other employees includes, but is not limited to, black uniforms/shirts containing the "GEMS" name or logo, and EMT/paramedic equipment and supplies used by Plaintiffs such as smartphones, handheld radios, temporal scanner thermometers, facial masks, shields, anti-bacterial hand sanitizer, and more.[1] *Id*.

---

[1] In addition to enterprise coverage, Plaintiffs satisfy the FLSA's individual coverage standard. As stated in Plaintiffs' Complaint, Plaintiffs were employees engaged in commerce or in the production of goods for commerce as defined by the FLSA. Plaintiffs handled or used equipment, materials, and supplies supplied to them by Defendants and manufactured outside the state of Texas, such as black uniforms/shirts containing the "GEMS" name or logo, a 2008 or 2009 Ford Expedition, and EMT/paramedic equipment and supplies used by Plaintiffs such as smartphones, handheld radios, temporal scanner thermometers, facial masks, shields, anti-bacterial hand sanitizer, and more. *See* Dkt. 1, ¶ 19.

Defendant Grey is an employer as the FLSA defines that term because Defendant acted in the interest of an employer in relation to Plaintiffs. *See* Dkt. 1, ¶ 17. Defendant Grey identifies himself as GEMS's "founder/CEO". *Id*. Defendant Grey is the president of Defendant GEMS911, Inc. *Id*. Defendant Grey has been responsible for the overall leadership, control, and management of GEMS's business operations, including those located at the Midlothian, TX work site where Plaintiffs worked for Defendants. *Id*. Defendant Grey has been authorized to issue payments on behalf of GEMS, including payment of Plaintiffs' wages, payment of the equipment and supplies used by Plaintiffs during their employment by Defendants, and payment of health insurance supplied by Defendants Grey and GEMS to Defendant Peoples and Plaintiff Poindexter. *Id*. Defendant Grey made and participated in business and employment-related decisions on behalf of Defendants to hire Plaintiffs and set their compensation terms. *Id*. Defendant Grey made or ratified decisions relating to significant aspects of the terms and conditions of Plaintiffs' employment, including the decision not to pay overtime compensation for hours worked over 40 in a workweek, the decision to offer health insurance to Plaintiff Poindexter, and the decision not to issue an IRS Form W-2 or IRS Form 1099 to Plaintiffs or other similarly situated EMT/paramedics employed by Defendants. *Id*. Defendant Grey also maintains access to employment, work, and payroll-related records, in electronic format or as hard documents, relating to Plaintiffs' employment by Defendants. *Id*.

Plaintiffs were nonexempt employees who regularly worked more than forty (40) hours per workweek and were not paid overtime hours in accordance with the FLSA.

In Plaintiff Boatright's declaration attached as Exhibit 1 to the appendix in support of the Motion for Default Judgment, Plaintiff establishes that he worked for Defendants as an hourly-paid nonexempt employee from August 2020 to February 2021. Ex. 1, ¶ 3. Defendants paid him

$25.00 per hour. Ex. 1, ¶ 5. He regularly worked more than 40 hours per workweek for Defendants. When he did, he was paid at a straight hourly rate, and he was not paid an overtime premium of at least one-and-one-half times his regular rate of pay for hours worked in a workweek over 40. Ex. 1, ¶ 6. Plaintiff Boatright calculates that he worked 397.25 overtime hours during his employment for Defendants without being paid an overtime premium. Ex. 1, ¶ 7. Multiplying those 397.25 overtime hours by one-half of his $25.00 hourly rate ($12.50) equals $4,965.63 in unpaid overtime wages. Ex. 1, ¶ 8.

In Plaintiff Poindexter's declaration attached as Exhibit 2 to the appendix in support of the Motion for Default Judgment, Plaintiff establishes that he worked for Defendants as an hourly-paid nonexempt employee from March 2020 to March 2021. Ex. 2, ¶ 3. Defendants paid him $22.50 per hour. Ex. 2, ¶ 5. He regularly worked more than 40 hours per workweek for Defendants. When he did, he was paid at a straight hourly rate, and he was not paid an overtime premium of at least one-and-one-half times his regular rate of pay for hours worked in a workweek over 40. Ex. 2, ¶ 6. Plaintiff Poindexter calculates that he worked 532 overtime hours during his employment for Defendants without being paid an overtime premium. Ex. 2, ¶ 7. Multiplying those 532 overtime hours by one-half of his $22.50 hourly rate ($11.25) equals $5,985.00 in unpaid overtime wages. Ex. 2, ¶ 8.

In Plaintiff Roper's declaration attached as Exhibit 3 to the appendix in support of the Motion for Default Judgment, Plaintiff establishes that he worked for Defendants as an hourly-paid nonexempt employee from October 2019 to March 2021. Ex. 3, ¶ 3. Defendants paid him $22.50 per hour and he worked every other week. Ex. 3, ¶ 5. He regularly worked more than 40 hours per workweek for Defendants. When he did, he was paid at a straight hourly rate, and he was not paid an overtime premium of at least one-and-one-half times his regular rate of pay for

hours worked in a workweek over 40. Ex. 3, ¶ 6. Plaintiff Roper calculates that he worked 1,132.14 overtime hours during his employment for Defendants without being paid an overtime premium. Ex. 3, ¶ 7. Multiplying 1,132.14 overtime hours by one-half of his $22.50 hourly rate ($11.25) equals $12,736.54 in unpaid overtime wages. Ex. 3, ¶ 8.

In Plaintiff Estell's declaration attached as Exhibit 4 to the appendix in support of the Motion for Default Judgment, Plaintiff establishes that she worked for Defendants as a salaried nonexempt employee from May 2019 to November 2019. Ex. 4, ¶ 3. Defendants paid her salary of $1,210.00 per week. Ex. 4, ¶ 5. Defendant Grey stated that her salary would cover 40 hours of work per week. *Id*. Plaintiff Estell, however, regularly worked from 6:00 AM to 6:00 PM six days per week or sometime seven. Ex. 4, ¶ 5. She regularly worked more than 40 hours per workweek for Defendants. When she did, she was paid her salary, and she was not paid an overtime premium of at least one-and-one-half times her regular rate of pay for hours worked in a workweek over 40. Ex. 4, ¶ 6. Plaintiff Estell calculates that she worked at least 845.5 overtime hours during her employment for Defendants without being paid an overtime premium. *Id*. This is based on working 32 overtime hours each week and 26 weeks of employment. *Id*. Dividing her $1,210 weekly salary by 40 hours results in a weekly regular rate of $30.25 per hour. Her weekly overtime rate is $45.38 per hour. Multiplying the overtime rate by 32 average overtime hours worked each week results in an average weekly back pay amount of $1,452.00. Multiplying $1,452.00 per week by 26 weeks equals $37,752.00 in unpaid overtime wages. Ex. 4, ¶ 8.

The Court finds Plaintiffs' calculations of damages reasonable. Plaintiffs' Motion as to back wages is **GRANTED** in the amount of $4,965.63 in actual damages owed to Plaintiff Boatright, $5,985.00 in actual damages owed to Plaintiff Poindexter, $12,736.54 in actual damages owed to Plaintiff Roper, and $37,752.00 in actual damages owed to Plaintiff Estell. Judgment is

hereby entered in favor of Plaintiffs and against Defendants Gilley Grey and GEMS911, Inc. jointly and severally.

In addition to back wages, Plaintiffs seek liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that an employee may recover, in addition to his/her unpaid overtime compensation, an equal amount of liquidated damages for a violation of § 207 of the FLSA. An award of liquidated damages is mandatory when a defendant fails to plead and prove good faith. *Montes v. Metro Materials & Mach*., LLC, No. 6:18-CV-00367-RWS, 2018 WL 6737416, at *3 (E.D. Tex. Oct. 12, 2018) (citing 29 U.S.C. § 216(b))(citing cases). An award of liquidated damages also is mandatory when a plaintiff establishes that an employer committed a willful FLSA violation. *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 401 (5th Cir. 2002). The Court finds that Defendants Grey and GEMS911, Inc. have not pleaded and proved a defense to liquidated damages. The Court further finds that Defendants Grey and GEMS911, Inc. have committed willful FLSA violations. Defendants refused to issue Plaintiffs with IRS forms in an attempt to conceal GEMS911, Inc.'s federal tax identification number or other employer identifying information to evade wage-and-hour obligations. Defendant Grey instructed Plaintiff Poindexter not to file a tax statement reflecting his GEMS employment. *See* Ex. 2, ¶ 10.

Because Defendants' FLSA violations are willful and because Defendants have not pleaded and cannot establish a defense to liquidated damages, Plaintiffs' Motion as to liquidated damages is **GRANTED**, and judgment is hereby entered in the amount of $4,965.63 for liquidated damages in favor of Plaintiff Boatright, $5,985.00 for liquidated damages in favor of Plaintiff Poindexter, $12,736.54 for liquidated damages in favor of Plaintiff Roper, and $37,752.00 for liquidated damages in favor of Plaintiff Estell. Judgment for liquidated damages is hereby entered in favor of Plaintiffs and against Defendants Gilley Grey and GEMS911, Inc. jointly and severally.

Plaintiffs also seek attorney fees and costs pursuant to 29 U.S.C. § 216(b), which authorizes an award of attorneys' fees and costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. Plaintiffs' Motion as to attorney fees is therefore **GRANTED**, and judgment is hereby entered in favor of Plaintiffs and against Defendants Gilley Grey and GEMS911, Inc. jointly and severally in the amount of $15,000.00.

Finally, the costs sought by Plaintiffs, $910.10, are reasonable, and Plaintiffs' Motion as to costs is therefore **GRANTED**, and judgment is hereby entered in favor of Plaintiffs and against Defendants Gilley Grey and GEMS911, Inc. jointly and severally in the amount of $910.10.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that:

(1) Plaintiff Mark Boatright have and recover of and from Defendants Gilley Grey and GEMS911, Inc., jointly and severally, the principal sum of $4,965.63 in back wages and an additional sum of $4,965.63 in liquidated damages, for a total of $9,931.15;

(2) Plaintiff Zach Poindexter have and recover of and from Defendants Gilley Grey and GEMS911, Inc., jointly and severally, the principal sum of $5,985.00 in back wages and an additional sum of $5,985.00 in liquidated damages, for a total of $11,970.00;

(3) Plaintiff John Roper have and recover of and from Defendants Gilley Grey and GEMS911, Inc., jointly and severally, the principal sum of $12,736.54 in back wages and an additional sum of $12,736.54 in liquidated damages, for a total of $25,473.07;

(4) Plaintiff Amber Estell have and recover of and from Defendants Gilley Grey and GEMS911, Inc., jointly and severally, the principal sum of $37,752.00 in back

8

      wages and an additional sum of $37,752.00 in liquidated damages, for a total of $75,504.00;

(5)   Plaintiffs have and recover of and from Defendants Gilley Grey and GEMS911, Inc., jointly and severally, their reasonable attorney fees in the amount of $15,000.00 in fees, and $910.10 in court costs and reasonable expenses. The total amount awarded therefore is $15,910.10.

(6)   In the event a Defendant unsuccessfully argues a motion for new trial, motion to set aside default, or any such equivalent motion, Plaintiff(s) shall have and recover from such Defendant reasonable attorneys' fees in the amount of $5,000.00.

(7)   In the event a Defendant unsuccessfully appeals this matter to the United States Court of Appeals for the Fifth Circuit, Plaintiff(s) shall have and recover from such Defendant reasonable attorneys' fees in the amount of $17,850.00, representing 30 hours of attorney time at $595 per hour; and

(8)   In the event a Defendant unsuccessfully appeals this matter to the United States Supreme Court, Plaintiff(s) shall have and recover from such Defendant reasonable attorneys' fees in the amount of $23,800.00, representing 40 hours of attorney time at $595 per hour; and

(9)   All sums awarded above shall bear post-judgment interest at the rate of 0.08% per annum from the date of the entry of judgment until paid in full.

The Court retains jurisdiction over enforcement of this judgment.

All relief with regard to Defendants not expressly granted herein is denied.

SIGNED this the 7th day of September, 2021.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE